**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48067**

|  |  |
|---|---|
| STATE OF IDAHO, | ) |
|  | ) **Filed: November 10, 2021** |
| Plaintiff-Respondent, | ) |
|  | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
|  | ) **THIS IS AN UNPUBLISHED** |
| LARS CHRISTOPHER RODRIGUEZ, | ) **OPINION AND SHALL NOT** |
|  | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
|  | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Thomas W. Whitney, District Judge.

Judgments of conviction for felony driving under the influence, leaving the scene of an accident, failure to notify upon striking a fixture, and possession of an open container of alcohol, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Judge

Lars Christopher Rodriguez appeals from his judgments of conviction for felony driving under the influence (DUI), leaving the scene of an accident, failure to notify upon striking a fixture, and possession of an open container of alcohol. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

While waiting at a stoplight, two individuals seated in a vehicle observed Rodriguez approaching from behind, driving another vehicle. Veering around the vehicle with the two individuals, Rodriguez entered the intersection and "t-boned" a pizza delivery driver. After the collision, Rodriguez's vehicle hit a fire hydrant near a drugstore parking lot. The two individuals

Rodriguez swerved around at the stoplight then drove into the drugstore parking lot and parked nearby. When Rodriguez exited his vehicle and began to flee on foot, the two individuals pursued him in their vehicle and contacted law enforcement. With guidance from the two individuals, an officer located Rodriguez a few blocks from the scene of the accident, sitting in a plaza with some strangers. After arresting Rodriguez, the officer noticed Rodriguez had glassy, bloodshot eyes and slurred speech. Subsequent analysis of a sample of Rodriguez's blood indicated his blood alcohol concentration was .219.

The State charged Rodriguez with felony DUI, I.C. § 18-8004; leaving the scene of an accident, I.C. § 49-1301; failure to notify upon striking a fixture, I.C. § 49-1304; possession of an open container of alcohol, I.C. § 23-505; and a persistent violator sentencing enhancement, I.C. § 19-2514. Rodriguez pled not guilty, and the case proceeded to a jury trial. After the State rested and outside the presence of the jury, Rodriguez notified the district court that he intended to testify and moved in limine to exclude evidence of his three prior felony convictions. After a hearing, the district court determined that the State could impeach Rodriguez under I.R.E. 609 with the fact of his most recent felony conviction (2017 DUI conviction) but not the nature of the conviction. While cross-examining Rodriguez, the prosecutor asked, "you've previously been convicted of a felony. Right?" Rodriguez responded, "Yes, sir, I have." After the jury found Rodriguez guilty of the four substantive offenses, Rodriguez admitted to being a persistent violator. Rodriguez appeals.

## II.

### ANALYSIS

Rodriguez argues that the district court erred by "allowing the State to present evidence of the fact of his prior felony conviction to show a character for untruthfulness" under I.R.E. 609. More specifically, Rodriguez contends that the district court applied an incorrect legal standard by determining that the prior conviction was relevant to his character for truthfulness "for the sole reason that it was a prior felony conviction," despite finding that the *nature* of the conviction was irrelevant to his credibility. The State contends that any error in the admission of evidence of Rodriguez's prior felony conviction was harmless. We hold that any error in the admission of Rodriguez's 2017 DUI conviction was harmless.

2

Where a criminal defendant shows an error based on a contemporaneously objected-to, nonconstitutional violation, the State then has the burden of demonstrating to the appellate court beyond a reasonable doubt the error did not contribute to the jury's verdict. *State v. Montgomery*, 163 Idaho 40, 46, 408 P.3d 38, 44 (2017). Thus, we examine whether the alleged error complained of in the present case was harmless. *See id.* Harmless error is error unimportant in relation to everything else the jury considered on the issue in question, as revealed in the record. *Yates v. Evatt*, 500 U.S. 391, 403 (1991); *State v. Garcia*, 166 Idaho 661, 674, 462 P.3d 1125, 1138 (2020). This standard requires weighing the probative force of the record as a whole while excluding the erroneous evidence and at the same time comparing it against the probative force of the error. *Id.* If the error's effect is minimal compared to the probative force of the record establishing guilt beyond a reasonable doubt without the error, then the error did not contribute to the verdict rendered and is harmless. *Id.* The reviewing court must take into account what effect the error had, or reasonably may have had, on the jury in the context of the total setting and in relation to all else that happened, which necessarily includes the evidence presented. *Kotteakos v. United States*, 328 U.S. 750, 764 (1946).

According to Rodriguez, admitting evidence he was a convicted felon exposed him to two forms of prejudice. First, Rodriguez contends that "learning [he] was a convicted felon" allowed the jury to "make a finding on his lack of credibility when it should not have." The effect of this potential source of prejudice, however, must be evaluated in light of other evidence bearing on Rodriguez's credibility. During trial, Rodriguez admitted to consuming alcohol before the accident, but testified he was a passenger in the vehicle involved in the accident and that his roommate was driving. As Rodriguez described what he saw behind him just after the accident, he testified to what he saw when he "looked in the *rearview*--my back window." (Emphasis added.) On cross-examination, Rodriguez admitted to leaving the scene and attempting to "blend in" by sitting with strangers in a plaza a few blocks away until being apprehended by an officer. Rodriguez refused to identify his roommate because his "roommate knows people" and [Rodriguez] was not "trying to get [him]self beat up by telling on [the roommate]." The prosecution then asked the following questions regarding statements Rodriguez made to the arresting officer:

3

[Prosecutor]: Okay. Do you remember him asking you about whether you've had something to drink?

[Rodriguez]: I did. I do.

[Prosecutor]: And you said you haven't had any anything to drink. Right?

[Rodriguez]: I lied to him.[1]

[Prosecutor]: Okay. And you also remember telling him, quote--and I'm going to quote your words. You said, "Somebody ran into me but." Do you remember saying that?

[Rodriguez]: I seen it on the video.[2]

[Prosecutor]: That's okay. Just you said that. Right?

[Rodriguez]: I did say that. . . .

Rodriguez later admitted he told the officer that someone else was driving only *after* stating that "someone ran into me." Finally, at the end of this cross-examination, the prosecutor asked, "you've previously been convicted of a felony, right?" Rodriguez responded, "Yes, sir, I have." Rodriguez provided the jury significant reason to doubt his credibility by making statements more consistent with him being the driver at the time of the accident and refusing to identify his roommate who he claimed was driving. The probative force of any additional negative-credibility inference arising from evidence of Rodriguez's status as a convicted felon was minimal.

As a second source of prejudice, Rodriguez contends that evidence of his prior felony conviction "invited the jury to infer that, if [he] committed that offense, he must have committed the instant offenses too." This form of prejudice was limited by the exclusion of evidence specifying the nature of the conviction.

Further, the evidence of Rodriguez's guilt is substantial. Two witnesses testified to observing Rodriguez swerve around their vehicle, enter an intersection, and collide with another vehicle. The two witnesses further testified that Rodriguez was driving alone in his vehicle.

---

1   The district court admitted a video captured by the bodycam of the officer who arrested Rodriguez on the day of the accident. The video shows Rodriguez denying having consumed alcohol on the day of the accident, despite the officer claiming Rodriguez smelled of alcohol. Moreover, the results of a chemical analysis of Rodriguez's blood, which were also admitted into evidence, showed that Rodriguez had a blood alcohol concentration of .219 on the day of the accident.

2   By "the video," Rodriguez was evidently referring to a video of his encounter with the officer who initially apprehended Rodriguez. The district court admitted this video, which was taken by the officer's bodycam, and published it to the jury during the prosecution's case-in-chief.

Despite Rodriguez's flight from the scene, the two witnesses pursued him and directed officers to his location. Although Rodriguez challenged the truthfulness of certain aspects of these witnesses' testimony--claiming, for example, that the witnesses could not have seen through the allegedly illegal "rainbow mirror tint" on the windows of his vehicle, Rodriguez's testimony fails to indicate how the witnesses could have overlooked his roommate's alleged presence at and flight from the scene of the accident or identify a motive for the witnesses to testify falsely. Additionally, another officer who responded to the scene of the accident testified to finding the driver's door of Rodriguez's vehicle ajar while the passenger door was closed. Finally, after Rodriguez's arrest, chemical testing of a sample of his blood collected pursuant to a search warrant showed his blood alcohol concentration was .219. When viewed in the context of the whole trial, the single passing reference to Rodriguez's prior conviction for an unspecified felony was harmless beyond a reasonable doubt.

## IV.

## CONCLUSION

Any error in the admission of evidence of the fact of Rodriguez's 2017 felony DUI conviction for purposes of impeachment under I.R.E. 609 was harmless beyond a reasonable doubt. Consequently, Rodriguez's judgments of conviction for felony driving under the influence, leaving the scene of an accident, failure to notify upon striking a fixture, and possession of an open container of alcohol is affirmed.

Judge BRAILSFORD and Judge Pro Tem HORTON, **CONCUR**.